Chief Judge JOAN BERNARD ARMSTRONG, Judge, Ad Hoc.
It The defendant-appellant, Patricia El-lender Boudreaux, appeals a June 30, 2004 judgment denying her rule to order the plaintiff-appellee, Robert Neil, to deposit the additional sum of $24,510.95 into the court registry.
The plaintiff filed a petition for partition by licitation on April 25, 2001, naming eleven parties alleged to own immovable property to effect a partition. The property was ordered to be sold at public sale and one William Dunckelman, Notary Public, was appointed for a homologation.
On July 24, 2002, the plaintiff was the successful bidder for a sum of $666,000.00.
The record contains a process verbal of the sale filed with the court on August 2, 2002, showing that from the $660,000.00 purchase price, $24,510.96 was deducted for costs and commission[1], leaving a balance of $635,489.04 which was turned over to the plaintiff.
On August 9, 2002, Mr. Dunkleman filed a motion and order to deposit the net sale proceeds in to the court registry and for a concursus proceeding, which net proceeds (after Mr. Neil deducted what he claimed to be his share) Mr. Dunkleman states to be $327,085.75. There is nothing in the pleadings filed by Mr. Dunkleman to indicate that this figure does not include the $24,510.96 in costs and commission which should have been assessed entirely against the plaintiff, Mr. Neil, in accordance with the judgment of November 27, 2002, discussed below, but it is uncontested that | Jt does not. In other words, the amount paid into the registry of the court should have been $351,596.71 instead of the $327,085.75 that was actually paid in.
On August 13, 2002, the court signed the order authorizing the payment into the registry of the court without specifying any amount or approving any distribution amount. The motion requesting the order stated that: “Mover [Mr. Dunkelman] is unable to determine which claimants rightfully owns said funds and in what proportions.” The appellant asserts that this order was never served and the plaintiff does not contest that assertion. In fact, the plaintiff makes only two arguments in his appellate brief: (1) If there are expenses to be paid, those payments are made from the price of the winning bid. (2) The appellant failed to appeal the con-cursus order in a timely manner.
*857 On August 28, 2002, the plaintiff filed a rule to show cause in which he “avers that he should be taxed 48% of the costs instead of all costs in this matter” which included court costs and sheriffs fees. In other words, the plaintiff petitioned the court to assess costs to all owners proportionately instead of assessing all costs to him alone.
On November 27, 2002, the trial court rendered judgment against the plaintiff, ordering:
“[T]hat there be judgment in favor of RONALD ELLENDER, ET AL. and against ROBERT J. NEIL, denying his rale to assess cost against the undivided interest owners of the property or to take cost from the gross proceeds prior to distribution |aof the funds.... Mr. Robert J. Neil will bear the costs of this litigation.”[2]
The trial court’s simultaneously issued written reasons for judgment saying that:
The Court after considering the law, jurisprudence and memorandums submitted on the issue before the Court finds that court costs, fees and commission are payable by the successful bidder, Mr. Robert J. Neil. Therefore the Court will deny Mr. Neil’s rale to assess costs to the undivided interest owners.
The plaintiff appealed this decision, but he does not contest the fact that it was dismissed as abandoned.
The trial court judgment ordering the plaintiff to bear all costs and commission was rendered on November 27, 2002, after the August 18, 2002 order ordering the deposit into the registry of the court. From this we draw the conclusion that the order of August 13, 2002 was in no way intended to address the issue of costs and commission. Therefore, there was no reason for the appellants to appeal the August 18, 2002 order in reference to costs and commission.
As noted above, the amount deposited by Mr. Dunkelman into the registry of the court did not include the amount necessary to hold Mr. Neil accountable for the costs and commission. At the time the court had not yet rendered its November 27, 2002 judgment explicitly taxing those amounts against Mr. Neil exclusively.
On March 10, 2004, the appellants filed a rale to show cause seeking an order compelling the plaintiff to deposit the additional sum of $24,510.95 | Representing the costs and commission due from the plaintiff into the court registry. In opposition to this rule, the plaintiff filed exceptions of prescription, res judicata, non-joinder of a party, vagueness or ambiguity, improper cumulation of action, and no right and/or cause of action. The trial court in denying the appellants rule granted the plaintiffs exceptions of prescription, res judicata, and non-joinder of a party, but denied the plaintiffs exceptions of vagueness or ambiguity, improper cumulation of action, and no right and/or cause of action. This judgment was amended on October 21, 2005, pursuant to an order of remand from the First Circuit Court of Appeal, 2005-CA-1494 (10/17/05), adding language dismissing the appellants’ claims with prejudice at their costs.
We find nothing in the record nullifying, overruling, or superceding the judgment of November 27, 2002, ruling that Mr. Neil is responsible for all of the costs and commission. The plaintiff does not contend otherwise. We further note that the amount deposited into the registry of the court that did not include the court mandated costs and commissions was the amount calculated by plaintiff and turned over to *858 Mr. Dunkelman. We do not believe that the plaintiff should be allowed to benefit from this calculation in the absence of any compelling legal reason for doing so.
For the foregoing reasons, we reverse the judgment of the trial court and render judgment in favor of the appellants and against the plaintiff-appellee, Mr. Neil, and hereby order Mr. Neil to pay the sum of $24,510.95 into the registry of the court, which funds are to be distributed in a manner |Rconsistent with these proceedings. Mr. Neil is to bear all costs of these proceedings.
REVERSED AND REMANDED
MURRAY, J., concurs in the result.
MURRAY, J., Concurs in the Result.

. Mr. Neil does not dispute the amount of the costs and commission.

. Emphasis in original.